**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER W. CONNORS, | No. 15-15959 |
| Petitioner-Appellant, | D.C. No. 3:07-cv-00268-JCM-VPC |
| v. | |
| BRIAN E. WILLIAMS, Sr. and NEVADA ATTORNEY GENERAL, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted January 10, 2017
San Francisco, California

Before: WALLACE and M. SMITH, Circuit Judges, and ERICKSON,[**] District
Judge.

This appeal involves a challenge to a jury instruction in a first-degree

murder case in Nevada, which defined deliberation as a part of premeditation,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Ralph R. Erickson, United States District Judge for the
District of North Dakota, sitting by designation.

rather than as a separate element. The instruction is commonly referred to by the name of the Nevada Supreme Court case that first discussed it, *Kazalyn v. State*, 108 Nev. 67, 825 P.2d 578 (1992).

On December 14, 1990, Kelly Vanlandingham was shot in the head seven times in a desert in Nevada. Christopher W. Connors ("Connors") and his brother, Tim Connors, were charged in two counts: murder with use of a deadly weapon and robbery with use of a deadly weapon. The Connors were tried together in 1994. The jury was instructed that the case involved an open charge of murder, which included and encompassed first-degree murder, second-degree murder, voluntary manslaughter, and involuntary manslaughter.

Tim Connors testified at trial that he shot Vanlandingham in self-defense. He was convicted of first-degree murder with use of a deadly weapon and robbery with use of a deadly weapon. The jury convicted Christopher Connors of first-degree murder without use of a deadly weapon and robbery without use of a deadly weapon. He was sentenced to a term of life in prison with the possibility of parole on the murder conviction and a consecutive fifteen-year term of imprisonment on the robbery conviction.

Connors timely appealed his convictions to the Nevada Supreme Court. The Nevada Supreme Court denied his claims and dismissed his appeal. Connors,

2

acting *pro se*, filed a petition for writ of habeas corpus in 1997. His petition was supplemented by counsel in 2005, which included a challenge to the *Kazalyn* instruction. The Nevada district court denied Connors' petition for post-conviction relief, finding the allegations "are bare, belied by the record, or not entitled to relief under any existing principle of law." The Nevada Supreme Court affirmed the district court's decision on April 6, 2007.

Connors timely submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to the United States District Court for the District of Nevada. The district court denied Connors' petition on May 19, 2010. This Court initially denied Connors' request for a certificate of appealability. Upon reconsideration, the Court granted a certificate with respect to a single issue: "whether [Connors'] trial counsel rendered ineffective assistance by failing to object to a jury instruction that unconstitutionally blurred the distinction between first and second degree murder."

Following briefing, counsel discovered that Connors' trial counsel had objected to the *Kazalyn* instruction at trial. Connors filed a motion to remand. This Court remanded for the limited purpose of enabling the district court to consider Connors' motion for leave to amend his habeas petition. The district

court granted Connors' motion to amend his petition, and denied all claims contained in the amended petition.

Under 28 U.S.C. § 2254(d), we may not grant habeas relief on a claim previously adjudicated on the merits in state court, unless adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Connors asserts that use of the *Kazalyn* instruction violates his constitutional right to due process because the offense conduct occurred before *Kazalyn* was decided. Given the timing of the offense and Connors' trial, we assume, without deciding, that use of the *Kazalyn* instruction violated Connors' due process rights.

Notwithstanding, the assumed error is subject to harmless-error analysis. *Neder v. United States*, 527 U.S. 1, 15 (1999). The test for whether a constitutional error is harmless is whether it appears "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Id.* (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)).

The prosecution presented two alternate theories of first-degree murder to the jury–felony murder in the perpetration of a robbery and murder perpetrated by willful, deliberate, and premeditated killing. In addition to the challenged jury instruction regarding premeditated murder, the jury was instructed on the felony-murder rule. Instruction No. 10 stated:

> There is a type of murder which carries with it conclusive evidence of premeditation and malice aforethought. This class of murder is murder committed in the perpetration or attempted perpetration of Robbery. Therefore, a killing which is committed in the perpetration of the felony of Robbery is deemed to be Murder in the First Degree, whether the killing was intentional, unintentional or accidental. This is called the Felony-Murder rule.

During closing arguments, the prosecutor first focused on the felony murder rule, arguing that the case "crie[d] out for" and "could easily be disposed of" with the felony-murder rule. The prosecutor then proceeded to explain the evidence he believed supported a finding of premeditation.

In order to convict on the felony murder theory, the jury only had to find Connors guilty of robbery and that Vanlandingham was killed during the perpetration of the robbery. *Babb v. Lozowsky*, 719 F.3d 1019, 1034 (9th Cir. 2013). The jury found both Tim and Christopher Connors guilty of robbery. During the penalty phase, the jury returned a special verdict against Tim that found

5

the murder was committed while he was engaged, alone, or with others in the commission of a robbery.

The evidence presented at trial established that Vanlandingham was killed, robbed, and left dead in the desert. The convictions for robbery and the jury's special finding that Tim committed the murder during the commission of a robbery are overwhelming evidence that the jury convicted both brothers pursuant to the felony-murder rule. We hold that the evidence against Connors supporting the conviction under the felony-murder rule was so overwhelming that the complained of constitutional error would be harmless beyond a reasonable doubt.

**AFFIRMED.**